DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Medina County Child Support Enforcement Agency ("MCCSEA"), appeals from a judgment in the Medina County Court of Common Pleas, Domestic Relations Division. We reverse and remand
 i. {¶ 2} On May 18, 1998, Mark ("Mark") and Kim ("Kim") Huffman petitioned the trial court for a dissolution of marriage. Thereafter, the trial court entered a decree of dissolution, and ordered Mark to pay child and spousal support to Kim. Mark moved for relief from judgment. The trial court granted his motion on the basis that the decree of dissolution failed to allocate all of the parties' assets; consequently, the trial court vacated the property division determination and spousal support determination. The trial court subsequently divided the parties' property, and determined Mark's spousal support obligation. On June 30, 2001, the parties' only child became emancipated, and, as a result, the trial court terminated Mark's child support obligation. It was at this time that the trial court discovered that Mark had overpaid his child and spousal support obligations. The trial court then ordered MCCSEA to hand-calculate the amount Mark had overpaid.
 {¶ 3} MCCSEA moved to temporarily modify Mark's wage withholding in an effort to rectify the issue of his overpayment. The issue was referred to a magistrate. The magistrate terminated the wage withholding order, and found that Mark had overpaid Kim in the amount of $1,167.03. The magistrate did not modify Mark's spousal support obligation of $1,050.00 per month, but determined that Mark should pay $950.00 per month to Kim until he has recouped his overpayment. Kim objected to the magistrate's proposed decision. The trial court failed to rule on Kim's objections to the magistrate's proposed decision; nevertheless, it affirmed and modified the magistrate's proposed decision. Subsequently, the trial court held a hearing to determine the amount MCCSEA was required to reimburse Kim for attorney fees. MCCSEA timely appeals, and raises three assignments of error for review. For purposes of review, we will address assignments of error one and three together.
 ii. A. First Assignment of Error
"The trial court erred and abused its discretion to the prejudice of [MCCSEA] when it modified the Magistrate's decision in the absence of a transcript or an affidavit of fact in accordance with [Civ.R.] 53(E)(3)(b)."
 Third Assignment of Error
"The trial court erred and abused its discretion to the prejudice of [MCCSEA] when it ordered * * * mccsea to both refund the overpayment to appellee Mark Huffman and to pay the shortfall of support to appellee Kim Huffman."
 {¶ 4} In its first assignment of error, MCCSEA avers that the trial court abused its discretion when it modified the proposed decision of the magistrate without reviewing a transcript of the evidence or an affidavit of fact, as required by Civ.R. 53(E)(3)(b).[1] In its third assignment of error, MCCSEA avers that the trial court abused its discretion in two regards: (1) when it ordered MCCSEA to refund Mark the amount equal to his overpayment; and (2) when it ordered MCCSEA to pay Kim the amount equal to her shortfall.
 {¶ 5} Upon a thorough review of the record, we find that the trial court did not specifically rule on Kim's objections, as required by Civ.R. 53(E)(4)(b). See O'Brien v. O'Brien, 5th Dist. No. 02 CA-F-08-038, 2003-Ohio-2893, at ¶ 30. Subsumed in MCCSEA's assignments of error is the presumption that the decision of the trial court to affirm and modify the magistrate's proposed decision reflexively disposes of Kim's objections.
 {¶ 6} Civ.R. 53 governs magistrates' proposed decisions and recommendations. This Rule provides, in relevant part,
"(E) Decisions in referred matters. * * *
"* * *
"(4) Court's action on magistrate's decision.
"* * *
"(b) Disposition of objections. The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. * * *" (Emphasis added.) Civ.R. 53(E)(4)(b).
 {¶ 7} It is well established that the use of the word "shall" connotes mandatory; the "use of the term `shall' in a statute or rule connotes the imposition of a mandatory obligation unless other language is included that evidences a clear and unequivocal intent to the contrary." State v. Golphin (1998),81 Ohio St.3d 543, 545-546; Dorrian v. Scioto Conservancy Dist. (1971),27 Ohio St.2d 102, paragraph one of the syllabus (stating that "the word `shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that [it] receive a construction other than [its] ordinary usage"). Therefore, before a trial court may adopt, reject, or modify a magistrate's decision, it must specifically rule on timely filed objections.O'Brien at ¶ 30 (concluding that "a trial court must specifically state whether it is overruling or sustaining any, all, or part of any duly filed objections to a magistrate's decision"). See, generally, West v. West (Sept. 17, 1999), 2nd Dist. No. 99-CA-31. Accordingly, we conclude that the trial court's decision to affirm and modify the magistrate's proposed decision without specifically ruling on the timely filed objections constitutes error. See O'Brien at ¶ 34; West,
supra; Civ.R. 53(E)(4)(b). In light of these facts, we need not address MCCSEA's first and third assignments of error.
 B. Second Assignment of Error
"The trial court erred and abused its discretion to the prejudice of [MCCSEA] when it ordered [mccsea] to pay appellees' attorney fees."
 {¶ 8} In its second assignment of error, MCCSEA contends that the trial court abused its discretion when it ordered MCCSEA to pay the attorney fees of Mark and Kim, as neither party moved for attorney fees. Additionally, MCCSEA contends that the award of attorney fees was erroneous because the trial court failed to conduct the requisite hearing pursuant to R.C. 2323.51(B)(2). MCCSEA's contention has merit.
 {¶ 9} The trial court has the discretion to award attorney fees. Holcomb v. Holcomb, 9th Dist. No. 01CA007795, 2001-Ohio-1364. As such, an appellate court will not disturb a trial court's decision regarding an award of attorney fees absent an abuse of discretion. Holcomb, supra; Parzynski v.Parzynski (1992), 85 Ohio App.3d 423, 439. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 10} Generally, a trial court may not tax attorney fees as costs of the action without specific statutory authority. Sorinv. Bd. of Edn. (1976), 46 Ohio St.2d 177, 179. In the instant case, the trial court awarded attorney fees without referencing a specific statutory authority. However, based on the case cited and the language employed by the trial court, this Court presumes that the award of attorney fees was pursuant to R.C. 2323.51, Ohio's frivolous conduct statute. See Corder v. Ohio Dept. ofRehab. and Corr. (1996), 114 Ohio App.3d 360, 367; Hollon v.Hollon (1996), 117 Ohio App.3d 344, 348.
 {¶ 11} R.C. 2323.51(B)(2) provides,
"[a]n award may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action * * *, but only after the court does all of the following:
"(a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;
"(b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;
"(c) Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made."
 {¶ 12} A review of the record reveals that neither party moved for attorney fees pursuant to R.C. 2323.51(B)(2). Additionally, the record indicates that the trial court failed to comply with the statutory requirements outlined in R.C.2323.51(B)(2)(a)-(c) to validate its award of attorney fees. Therefore, we conclude that the trial court abused its discretion when it awarded attorney fees to the parties. In any case, it appears from the docket and record that MCCSEA does not have any money belonging to either party. MCCSEA's third assignment of error is sustained.
 III. {¶ 13} The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed, and cause remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
Slaby, P.J., concurs.
[1] We note that when this cause of action was instituted, Civ.R. 53(E)(3)(b) provided that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." However, currently, the quoted language can be found in Civ.R. 53(E)(3)(c).