DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant/Cross-Appellee Cynthia A. Henley and Defendant-Appellee/Cross-Appellant John William Henley have appealed from the judgment of the Wayne County Court of Common Pleas, Domestic Relations Division that distributed property and calculated marital assets. This Court dismisses the appeal and cross-appeal.
 I {¶ 2} Plaintiff-Appellant/Cross-Appellee Cynthia A. Henley ("Wife") filed for divorce from Defendant-Appellee/Cross-Appellant John William Henley ("Husband") on December 3, 2002. On February 5, 2004, a magistrate determined that Wife and Husband were entitled to a divorce and issued a decision regarding the distribution of property and assets; that same day, the trial court adopted the magistrate's decision and entered judgment accordingly.
 {¶ 3} Wife filed objections within the 14 day time period. Husband also filed timely objections to the magistrate's decision. On July 20, 2004 the trial court overruled Husband's objections to the magistrate's decision. The trial court also stated that it was adhering to the magistrate's report and proposed decision.
 {¶ 4} Wife timely appealed the trial court's decision, asserting three assignments of error. Husband filed a timely cross appeal, asserting two assignments of error. For ease of discussion, this Court has consolidated Wife and Husband's assignments of error.
 II Assignment of Error Number One
"The trial court abused its discretion when finding that the [$7,400] in checks written to appellee went into the pole barn."
 Assignment of Error Number Two
"[The] trial court committed error at law and/or abused its discretion when finding [wife's] real estate was marital or that any appreciation in value was marital."
 Assignment of Error Number Three
"The trial court order requiring [wife] to pay [husband] the sum of [$7,760] is against the manifest weight of the evidence."
 Cross Assignment of Error Number One
"The trial court order requiring [wife] to pay to [husband] the sum of $7,760 is against the manifest weight of the evidence."
 Cross Assignment of Error Number Two
"The trial court erred as a matter of law when it found that only $1,210 of the value in [wife's] rubbermaid retirement account is a marital asset and said finding was against the manifest weight of the evidence."
 {¶ 5} In her three assignments of error, wife has argued that: 1) the trial court abused its discretion in finding that the $7,400 she gave Husband prior to the marriage was used to build the pole barn; 2) the trial court erred in finding the house marital property and the appreciation marital property; and 3) the trial court erred when it found Husband was entitled to the payment of $7,760 from Wife for alleged marital assets.
 {¶ 6} In his two cross assignments of error, Husband has argued that: 1) the trial court's order regarding equalization of the property division is against the manifest weight of the evidence; and 2) the trial court's determination of marital assets from Wife's retirement account was against the manifest weight of the evidence.
 {¶ 7} This Court only has jurisdiction to review "final orders" of the lower courts in our district. Section 3(B)(2), Article IV, Ohio Constitution. If an order or judgment is not "final," we have no jurisdiction and the appeal must be dismissed. Noble v. Colwell (1989),44 Ohio St.3d 92, 94.
 {¶ 8} Pursuant to Civ.R. 53, a party may file written objections to a magistrate's decision. Civ.R. 53(E)(3)(a). Once a party files an objection, Civ.R. 53(E)(4)(b) mandates that "[t]he court shall rule on [the] objection." (Emphasis added). The "use of the term `shall' in a statute or rule connotes the imposition of a mandatory obligation unless other language is included that evidences a clear and unequivocal intent to the contrary." State v. Golphin (1998), 81 Ohio St.3d 543, 545-46; seeDorrian v. Scioto Conservancy Dist. (1971), 27 Ohio St.2d 102. Therefore, before a trial court may enter a final judgment on a magistrate's decision, it must rule on any pending objections to the magistrate's decision. See Huffman v. Medina Cty. Child SupportEnforcement Agency, 9th Dist. No. 03CA0059-M, 2004-Ohio-729, at ¶ 7; see also, Champion Contracting Constr. Co., Inc. v. Valley City Post No.5563, 9th Dist. No. 03CA0092-M, 2004-Ohio-3406, at ¶ 9.
 {¶ 9} While a trial court must rule on a party's objections before this Court can hear an appeal, a trial court may adopt a magistrate's decision "without waiting for timely objections by the parties." Civ.R. 53(E)(4)(c). "[B]ut the filing of timely written objections [to a magistrate's decision] shall operate as an automatic stay of execution of [the trial court's previously entered] judgment" adopting the magistrate's decision. Id. The judgment is stayed "until the [trial] court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Id.
 {¶ 10} Upon a thorough review of the record, we find that the trial court did not rule on Wife's objections to the magistrate's decision, as required by Civ.R. 53(E)(4)(b). See Huffman, supra. The trial court's July 20, 2004 judgment entry did rule on Husband's objections, but was silent as to Wife's objections. The trial court's docket also failed to include any ruling on Wife's objections. This Court may not address an appeal of a trial court's judgment when the trial court has failed to rule on properly filed objections. See McCown v. McCown (2001),145 Ohio App.3d 170, 172.
 {¶ 11} Due to the trial court's failure to rule on Wife's objections as required by Civ.R. 53, this Court was not presented with a final order and this appeal is premature.
 {¶ 12} This Court must also note that the trial court erred in its July 20, 2004 judgment entry when it stated that it "adhere[d] to the Magistrate's Report and Proposed Decision filed February 5, 2004." As previously discussed, a trial court may enter judgment without waiting for objections, but once objections are filed and ruled upon it must vacate, modify, or adhere "to the judgment previously entered." Civ.R. 53(E)(4)(c). The "judgment previously entered" refers to the judgment of the trial court. The court below adhered to the wrong judgment entry; it should have adhered to its previous judgment entry of February 5, 2004, not the magistrate's decision. Assuming, arguendo, that the trial court had ruled on Wife's objections, this Court would have had jurisdiction and we would have reversed and remanded the instant appeal for the trial court to properly enter judgment pursuant to Civ.R. 53(E)(4)(c). Since this matter is not final and not reviewable by this Court, the trial court may remedy its noncompliance with Civ.R. 53(E)(4)(c) in future rulings.
 {¶ 13} Based on the foregoing, this Court does not have jurisdiction to hear the instant appeal.
 III {¶ 14} The appeal and cross-appeal are dismissed for lack of jurisdiction.
Appeal dismissed, and Cross-Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., Moore, J., Concur.