DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant/Cross-Appellee, Cynthia Henley ("Wife"), and Appellee/Cross-Appellant, John Henley ("Husband"), appeal from the judgment of the Wayne County Court of Common Pleas, Domestic Relations Division. This Court affirms in part and reverses in part.
 I. {¶ 2} Husband and Wife began living together in June 1998. Prior to moving in together, Wife purchased real estate valued at $80,000 and executed a mortgage in the amount of $64,000. Additionally, Husband and Wife signed an antenuptial agreement. The parties then had a son in November 1998 and were married on September 19, 1999.
 {¶ 3} In early 2002, Husband left the home due to marital discord. On December 3, 2002, Wife filed her complaint for divorce. Husband, in turn, counterclaimed for divorce. The matter than proceeded with a series of contested hearings before a magistrate. In an initial hearing, the magistrate interpreted the parties' antenuptial agreement and determined that the term of the marriage would begin in June 1998. Neither party objected to this finding.
 {¶ 4} On January 15, 2004, both parties testified and called witnesses in support of their claims regarding the division of property. Primarily at issue in the hearing was the amount of marital equity in Wife's real estate and Wife's retirement account. On February 5, 2004, the magistrate issued his opinion detailing the property division. The trial court issued its decree of divorce the same day. Both parties timely objected to the magistrate's decision. The trial court overruled both parties' objections. Both parties timely appealed. This Court dismissed the initial appeal because the record before this Court did not indicate that the trial court had disposed of Wife's objections. See Henley v. Henley, 9th Dist. No. 04CA0059,2005-Ohio-2568. Following the dismissal, the trial court's journal entry overruling Wife's objections became a part of the record. The matter then became final and both parties timely appealed. Wife raises three assignments of error for review. Husband raises two cross-assignments of error for review. For ease of analysis, we have consolidated several of the assignments of error.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN FINDING THAT THE SEVEN THOUSAND FOUR HUNDRED DOLLARS IN CHECKS WRITTEN TO [HUSBAND] WENT INTO THE POLE BARN."
 {¶ 5} In her first assignment of error, Wife contends that the trial court erred in finding that the $7,400 in checks that she had written to Husband was marital property. This Court disagrees.
 {¶ 6} During the course of the proceedings below, the trial court determined that the date of the parties' marriage (September 18, 1999) would not be used for the purpose of dividing the parties' property. Rather, the magistrate interpreted the parties' antenuptial agreement and found that the term of the marriage should begin in June 1998 when the parties began living together. Wife did not object to this finding and therefore cannot challenge it on appeal. Civ.R. 53(E)(3)(d).
 {¶ 7} The distribution of assets in divorce proceedings is governed by R.C. 3105.171. Pursuant to the statute, the trial court is required to determine whether property is marital or separate property. R.C. 3105.171(B). Separate property includes, but is not limited to, real or personal property which was acquired by one spouse prior to the date of marriage. R.C.3105.171(A)(6)(a)(ii).
 {¶ 8} This Court must affirm the trial court's determination as to the nature of the property as either marital or separate if such determination is supported by competent, credible evidence.Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159; see, also,Boreman v. Boreman, 9th Dist. No. 01CA0034, 2002-Ohio-2320, at ¶ 7. This standard of review "is highly deferential and even `some' evidence is sufficient to sustain the judgment and prevent a reversal." Barkley, 119 Ohio App.3d at 159. As the trial court is best able to observe the demeanor, gestures, and voice inflections of the witnesses, and to use those observations to weigh the credibility of the proffered testimony, this Court is guided by a presumption that the findings of the trial court are correct. Id., citing In re Jane Doe I (1991),57 Ohio St.3d 135.
 {¶ 9} Based upon the term of the marriage as found by the magistrate, each check challenged by Wife was written to Husband during the marriage. Accordingly, the $7,400 expended by Wife was expended during the marriage and is presumed to be marital property. R.C. 3105.171(A)(3)(a)(i). Wife offered no evidence to support her claim that the $7,400 was her separate property and made no effort to trace her expenditures to a source that is separate property. Further, there is no evidence in the record to support Wife's assertions that Husband committed financial misconduct in the way he handled the $7,400. Accordingly, as the money was expended during the marriage, Wife failed to rebut the presumption that the money was marital property. Wife's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"[THE] TRIAL COURT COMMITTED ERROR AT LAW AND/OR ABUSED ITS DISCRETION WHEN FINDING [WIFE'S] REAL ESTATE WAS MARITAL OR THAT ANY APPRECIATION IN VALUE WAS MARITAL."
 {¶ 10} In her second assignment of error, Wife contends that the trial court erred in finding that $4,255 of the equity in her real estate was marital property. We agree that the trial court erred in its calculation.
 {¶ 11} As noted above, the trial court's characterization of property as either separate or marital is governed by R.C.3105.171. R.C. 3105.171(A)(6)(a)(iii) defines "separate property" to include passive appreciation on the separate property of one spouse. "If the evidence indicates that the appreciation of the separate property is not due to the input of [either spouse's] labor, money, or in-kind contributions, the increase in the value of the [property] is passive appreciation and remains separate property." (Emphasis sic.) Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 401, citing R.C. 3105.171(A)(6)(a)(iii). "[A]ppreciation that results from an increase in the fair market value of separate property due to its location or inflation is considered passive income." Polakoff v. Polakoff (Aug. 4, 2000), 11th Dist. No. 98-T-0163, at *4.
 {¶ 12} Based upon the above, Wife urges that Husband failed to demonstrate that improvements to the real estate contributed to its increase in value. It is undisputed that the real estate increased in value from $80,000 to $95,000 during the marriage. It is further undisputed that both parties expended money toward a pole barn that was built on the property. However, Wife is correct in her contention that no evidence was submitted which demonstrated that the construction of the pole barn contributed to the increase in the value of the property. Neither party had the property appraised in a manner through which the value of the pole barn could be ascertained. Accordingly, there existed no evidence before the trial court to support its finding that either of the parties' labor or in-kind contributions contributed to the increase in value. See Ray v. Ray, 9th Dist. No. 03CA0026-M, 2003-Ohio-6323, at ¶ 5, fn. 1.
 {¶ 13} This Court, however, cannot agree with Wife's contention that the real estate is entirely her separate property. We have previously held that "[a]ny reduction in the amount of the first and second mortgages during the marriage by payment of marital funds would be marital property." Charles v.Charles (Jan. 22, 1997), 9th Dist. No. 96CA006396, at *4. At the onset of the marriage, the real estate was subject to a first mortgage in the amount of $64,000. At the time of the hearing below, the first mortgage had a balance of $59,680.54. Accordingly, during the marriage the first mortgage was reduced by $4,319.46. Additionally, evidence was produced below which demonstrated that Wife received a home equity loan in amount of $15,337, which was then refinanced into a second mortgage. Wife testified that a balance of $11,000 remained on the second mortgage. Accordingly, the total reduction in debt from the initial home equity loan equals $4,337. Based upon these reductions, there exists $8,656.46 in martial property in the real estate. Accordingly, to the extent it miscalculated such a figure, finding that only $6,287 was marital equity, the trial court erred. Wife's second assignment of error, therefore, is sustained to the extent detailed herein.
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ORDER REQUIRING [WIFE] TO PAY TO [HUSBAND] THE SUM OF $7,760.00 IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 CROSS-ASSIGNMENT OF ERROR I
"THE TRIAL COURT ORDER REQUIRING [WIFE] TO PAY TO [HUSBAND] THE SUM OF $7,760.00 IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 14} In her third assignment of error, Wife contends that the trial court erred in ordering a distributive award in the amount of $7,760. In his first cross-assignment of error, Husband contends that the amount of the award was improper. Based upon our review of the record, we find that the trial court erred.
 {¶ 15} Once the trial court distributed the parties' assets, it ordered Wife to pay Husband $7,760. In so doing, the trial court found that it had awarded Wife $12,765 in marital assets. The court further found that based upon the negative equity in the vehicle Husband received through the division of assets, Husband received a total award of marital property of negative $2,756. Accordingly, the trial court ordered payment of $7,760 by Wife, leaving both parties with approximately $5,000 in marital assets.
 {¶ 16} As noted above, the trial court erred in its calculation of the marital property portion of the real estate. On that basis alone, Wife's award of marital property increases by $2,369.46.
 {¶ 17} Wife additionally argues that "[a]s there exists no marital equity [in the real estate] and the one account Cindy's son's Tim's, and the checking account sum existing [at] the time of separation having been spent is no basis to award a payment from Cindy to John in the amount of $7,760." Based upon this statement, it is unclear what error Wife is alleging the trial court committed. Further, she has offered no evidence nor argument which would tend to demonstrate that the trial court erred in finding the checking accounts contained marital funds. Accordingly, "[i]f an argument exists that can support [Appellant's contentions], it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 
18673, at *8. Wife, therefore, has failed to meet her burden on appeal. See App.R. 16(A)(7). Wife's third assignment of error is overruled.
 {¶ 18} Husband has contended that the trial court also erroneously credited Wife in the amount of $2,167 for a checking account that contained $2,354. We agree. The sole evidence presented before the trial court indicated that the account, as of the date of the last statement, contained a balance of $2,354. The trial court's inclusion of a lesser number, therefore, is not supported by competent credible evidence. Wife's marital award, therefore, was understated by the trial court in the additional amount of $187.
 {¶ 19} Additionally, Husband asserts that the trial court erred in finding that only $1,210 of Wife's retirement account was marital property. For the reasons set forth below in response to Husband's second cross-assignment of error, Husband's assertion lacks merit.
 {¶ 20} Accordingly, to the extent the trial court erred in its calculation of the equity in the marital home and the amount of money in the checking account, Husband's first cross-assignment of error is sustained.
 CROSS-ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND THAT ONLY $1,210 OF THE VALUE IN [WIFE'S] RUBBERMAID RETIREMENT ACCOUNT IS A MARITAL ASSET AND SAID FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 21} In his final cross-assignment of error, Husband argues that the trial court erred when it found that only $1,210 of Wife's retirement account was a marital asset. This Court disagrees.
 {¶ 22} In his memorandum in support of his objections to the magistrate's decision, Husband did not object to the trial court's determination of the marital portion of Wife's retirement. Rather, he argued in opposition to Wife's objection that no portion of her retirement should be deemed marital. Absent an objection to the magistrate's calculation, Husband has not preserved his assignment of error for review. Civ.R. 53(E)(3)(d).
 {¶ 23} Assuming, however, that Husband's general objection to the magistrate's division of property, coupled with his memorandum, preserved the issue, Husband's claim still must fail.
 {¶ 24} As noted above, we will not disturb the trial court's determination regarding separate and marital property if it is supported by competent, credible evidence. Boreman, supra, at ¶ 7. During the hearing before the magistrate, Husband introduced evidence that Wife's retirement fluctuated based upon the performance of the stock market. Husband argues, therefore, that since he proved that Rubbermaid contributed $19,800 to Wife's retirement account during the marriage, that the trial court's finding that only $1,210 of Wife's account was marital property was not supported by the evidence. We disagree.
 {¶ 25} It is undisputed that Wife had $41,495.79 of separate property in her retirement account when the parties were married and that no funds were removed during the marriage. It is further undisputed that the account had a value of $42,705 at the time of the magistrate's hearing. Thus, the total amount of the retirement account increased approximately $1,210 during the marriage.
 {¶ 26} Husband has urged, however, that the trial court was required to calculate the overall loss in the retirement account and pro rate that loss among both Wife's separate property and the marital property. We disagree.
 {¶ 27} Based upon the evidence adduced at trial, Wife's retirement account fluctuated with every statement she received, both increasing and decreasing. Funds were added with each paycheck and her statements reflected varying levels of losses and gains throughout the parties' marriage. Neither party sought to apply these fluctuations individually to the separate and marital portions of Wife's retirement account. Husband, rather, seeks to merely calculate the total reduction in value of the account and apply such a figure to both Wife's separate property and the marital property in the account. In so doing, Husband attempts to treat Wife's marital contributions as though the full amount, $19,800, was in her account for the duration of the marriage. Such a fact, however, is contradicted by the record. Husband has offered no law to support his contentions that Wife's separate property should be reduced and this Court cannot agree that simply applying an overall percentage of loss to the account is equitable. For example, if Wife's account increased early on in the marriage and decreased substantially later in the marriage, the overall loss is not equitably apportioned through Husband's proposed calculations (as the gain would be more properly allocated to effect the separate property to a greater degree and the loss more evenly distributed over both marital and separate property).[1]
 {¶ 28} Accordingly, Husband has offered no evidence as to the actual decrease in value of Wife's separate property. The trial court, therefore, was left with undisputed evidence of the premarital value of the account and the value at the time of hearing. Given that Husband offered no evidence of the decrease in value of Wife's separate property, we cannot find that the trial court erred in finding that the difference between the two undisputed figures constituted the marital portion of Wife's retirement account. Husband's second cross-assignment of error is overruled.
 III. {¶ 29} Wife's first and third assignments of error and Husband's second cross-assignment of are overruled. Wife's second assignment of error and Husband's first cross-assignment of error are sustained to the extent detailed herein. The judgment of the Wayne County Court of Common Pleas which divided the parties' property is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Slaby, P.J. Carr, J. concur.
[1] The record herein in fact reveals that Wife's retirement account increased by 14.2% in the final quarter of 1999, several years before the parties' marriage ended and substantially earlier than Wife had placed the full $19,800 in the account.