OPINION
{¶ 1} Plaintiff-appellant, Richard Lynch, appeals the decision of the Warren County Court of Common Pleas, Domestic Relations Division, finding that $90,000 of the appreciation in value of the marital residence was marital equity and awarding one-half of the $90,000 to defendant-appellee, Kimberly Lynch.
 {¶ 2} In November 2003, before they were married, the parties jointly purchased real estate for $360,000. Both parties' names appeared on the mortgage as well as the *Page 2 
promissory note and deed. Using his own money, Richard made an $80,261.99 down payment. The parties were married in December 2003 and used the property as their marital residence. Following the purchase of the property, the parties made substantial improvements to it. After the parties separated in October 2005, the property was appraised at $510,000 with the improvements, and $450,000 without the improvements. Thus, according to the appraiser, the marital residence increased in value by $150,000 of which $60,000 were due to the improvements. In November 2005, Richard filed for divorce.
 {¶ 3} By decision filed in July 2006, the magistrate found, inter alia, that (1) the marital residence was Richard's separate property;[1] (2) $45,000 of the $60,000 improvements was marital property; (3) Kimberly was entitled to one-half of the $45,000; and (4) the remaining $90,000 appreciation in value (the difference between the $150,000 increase in value and the $60,000 improvements) was Richard's separate property. Kimberly filed several objections to the magistrate's decision. In particular, she objected to the magistrate's findings that (1) the marital residence was Richard's separate property; (2) she was only entitled to one-half of the $45,000 rather than one-half of the $60,000 improvements; and (3) the remaining $90,000 appreciation in value was Richard's separate property.
 {¶ 4} The trial court agreed with the magistrate that Kimberly was entitled to one-half of the $45,000. However, the trial court found that Kimberly was also entitled to one-half of the $90,000 appreciation in value. A request for reconsideration filed by Richard was subsequently overruled by the trial court. By divorce decree filed on November 17, 2006, the trial court awarded the marital residence to Richard and ordered him to pay Kimberly "her one-half equity therein, the sum of $71,297," which included one-half of the $90,000 *Page 3 
appreciation in value.
 {¶ 5} This appeal follows in which Richard assigns the following assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN OVERRULING THE DECISION OF THE MAGISTRATE AND FINDING THAT THE DEFENDANT-APPELLEE IS ENTITLED TO ONE-HALF OF $90,000 IN APPRECIATION OF THE MARITAL RESIDENCE."
 {¶ 7} Richard argues that the marital residence is his separate property and that the $90,000 appreciation in value was passive appreciation, thus, his separate property as well. Upon reviewing the record, we find that we are unable to reach the merits of Richard's arguments for the following reasons.
 {¶ 8} Civ.R. 53(D)(4)(d) states: "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections." The rule was specifically amended in 1998 to "clarify that the court is to rule upon, not just consider, any objections." Civ.R. 53, Staff Note: 7-1-98 Amendment; Kolman v. Bldg. Works Co.,Inc., Cuyahoga App. No. 80552, 2002-Ohio-3790, ¶ 12. Thus, Civ. R. 53(D)(4)(d) imposes a mandatory duty on the trial court to dispose of a party's timely-filed objections to a magistrate's decision. Ludwick v.Ludwick, Fayette App. No. CA2002-08-017, 2003-Ohio-2925, ¶ 5. See, also,Haag v. Haag (1983), 9 Ohio App.3d 169 (observing that when the trial court fails specifically to address objections, there is no way for a reviewing court to know if the trial court sub silentio overruled the objections in adopting the magistrate's decision or whether the court simply ignored those objections).
 {¶ 9} In the case at bar, although Kimberly specifically and timely objected to the magistrate's finding that the marital residence was Richard's separate property, the trial court failed to rule on this objection. Before a trial court may enter a final judgment on a magistrate's decision, it must specifically rule on pending and timely filed objections. See *Page 4 Huffman v. Medina Cty. Child Support Enforcement Agency, Medina App. No. 03CA0059-M, 2004-Ohio-729. The trial court's failure to rule on Kimberly's objection constitutes error. Id.
 {¶ 10} Further, although R.C. 3105.171(B) unequivocally requires a trial court to determine what constitutes marital property and what constitutes separate property in divorce proceedings, the trial court in the case at bar failed to explicitly determine in the divorce decree whether the marital residence was marital or separate property.
 {¶ 11} In light of the trial court's foregoing failures, we find that we are not in a position to decide the issues presented on appeal. The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion and in accordance with the law.
WALSH and POWELL, JJ., concur.
[1] We note that although it is clear from the language of its opinion that the magistrate found that the marital residence was Richard's separate property, the magistrate nonetheless did not explicitly so state. *Page 1