DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant, Lorain-Medina Rural Electric Cooperative, Inc. ("LMREC"), appeals from the order of the trial court, adopting the magistrate's decision to award judgment to Defendant-Appellee, GLW Broadband, Inc. ("GLW"). This Court dismisses.
 I {¶ 2} On June 1, 2005, a farm tractor driven by James Knapp struck a wire that hung over Wheeler Road from two utility poles located on either side of the road. LMREC owned the utility poles supporting the wire and incurred damage to its electrical wires and poles as a result of the accident. LMREC believed that the wire that Knapp struck was a cable line owned by GLW. LMREC and GLW had a long-standing contractual agreement permitting GLW to use LMREC's utility poles to support GLW's cable line. Part of the parties' agreement required GLW to maintain its cable line and ensure that the line complied with applicable safety *Page 2 
standards. LMREC believed that Knapp struck the line because GLW negligently allowed the line to hang too low, in contravention of the parties' agreement.
 {¶ 3} LMREC brought suit against GLW and Knapp for the damage to its poles and electrical wires. LMREC settled with Knapp before the matter went to trial. On January 28, 2008, a trial before a magistrate commenced. The magistrate issued his decision on February 1, 2008. The magistrate awarded judgment to GLW because LMREC had failed to prove that the line struck by Knapp was in fact GLW's cable line. On February 5, 2008, LMREC filed objections to the magistrate's decision, challenging the magistrate's factual findings and determination as to the weight of the evidence. On June 6, 2008, the trial court adopted the magistrate's decision.
 {¶ 4} LMREC now appeals from the trial court's order and raises a single assignment of error for our review.
 II Assignment of Error "THE COURT ABUSED ITS DISCRETION AS THE COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN FAILING TO FIND THAT THE WIRE STRUCK BY JAMES KNAPP WAS A CABLE TELEVISION WIRE OF APPELLEE GLW[.]"
 {¶ 5} In its sole assignment of error, LMREC argues that the trial court abused its discretion in adopting the decision of the magistrate because the evidence introduced at trial weighed in LMREC's favor. We cannot address the argument, however, because LMREC has not appealed from a final, appealable order.
 {¶ 6} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 must be satisfied. Chef Italiano Corp. v. Kent *Page 3 State Univ. (1989), 44 Ohio St.3d 86, 88. Pursuant to R.C. 2505.02(B), an order must fully determine an action to be final.
 {¶ 7} Recently, this Court held the following:
 "Civ. R. 53 governs magistrate's decisions. This Court has literally interpreted Civ. R. 53 in the past and has held that for a trial court's ruling on a magistrate's decision to be final, the court must independently enter judgment. Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 218-21 (holding that an order in which the court merely adopts or affirms a magistrate's decision is not final because a court must explicitly enter judgment independently of the magistrate). Apart from requiring a trial court to enter its own judgment on a magistrate's decision, Civ. R. 53 also requires a court to dispose of any timely filed objections. The rule provides that `[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections.' Civ. R. 53(D)(4)(d). When a trial court enters judgment on a magistrate's decision, but fails to explicitly rule on a party's objections, that judgment does not constitute a final, appealable order because it does not fully determine the action. See R.C. 2505.02; In re K.K., 9th Dist. No. 22352, 2005-Ohio-3112, at ¶ 11-14 (noting that court must explicitly dispose of any objections raised pursuant to Civ. R. 53). See, also, Lynch v. Lynch, 12th Dist. No. CA2006-12-145, 2007-Ohio-7083, at ¶ 8-11; Schmidli v. Schmidli, 7th Dist. No. 02 BE 63, 2003-Ohio-3274, at ¶ 14-16; Dorton v. Dorton (May 22, 2000), 5th Dist. No. 99CAF11061, at *2." (Footnote omitted.) In re Strickler, 9th Dist. Nos. 08CA009375 08CA009393, 2008-Ohio-5813, at ¶ 8.
This Court concluded that, "[f]or a trial court's ruling on a magistrate's decision to be final and appealable, the trial court must enter judgment independently of the magistrate and must explicitly overrule or sustain any timely filed objections." Id. at ¶ 10.
 {¶ 8} The trial court's order notes that the trial court reviewed the transcript of the magistrate's hearing "[u]pon [LMREC's] objection to the decision of the magistrate." LMREC, however, filed two objections to the magistrate's decision, not merely one. Moreover, the trial court's order concludes the following:
 "The Court adopts the findings and conclusions of the magistrate and incorporates them by reference here. Judgment for Defendant." *Page 4 
The order does not include an explicit ruling on LMREC's objections. This Court will not infer that the trial court intended to overrule both of LMREC's objections. Id. Civ. R. 53 requires a trial court to rule on any timely filed objections to a magistrate's decision. Civ. R. 53(D)(4)(d). Because the trial court did not explicitly rule on LMREC's timely filed objections, the court's order is not final and appealable, and this Court lacks jurisdiction to consider it.
 III {¶ 9} This Court does not have jurisdiction to consider LMREC's sole assignment of error because it has not appealed from a final, appealable order. As such, the appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.