[Cite as *Brown v. Brown*, 2013-Ohio-2709.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LINDA L. BROWN | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P. J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| CORY L. BROWN | : | Case No. 2012CA0010 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Coshocton County
Court of Common Pleas, Case No.
10-DV-0756

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     June 25, 2013

APPEARANCES:

For Plaintiff-Appellee

COLE GERSTNER
Gottlieb, Johnston, Beam & Dal Ponte, P.L.L.
320 Main Street, P.O. Box 190
Zanesville, OH 43702

For Defendant-Appellant

DAN GUINN
118 West High Avenue
New Philadelphia, OH 44663

*Baldwin, J.*

{¶1}    Appellant Cory L. Brown appeals a judgment of the Coshocton County Common Pleas Court granting appellee Linda L. Brown a legal separation.

STATEMENT OF FACTS AND CASE

{¶2}    The parties were married on April 3, 1970.   Appellee filed the instant action seeking a legal separation from appellant.   Appellant filed an answer admitting the grounds of incompatibility for a legal separation, and also counterclaimed for divorce.

{¶3}    The case proceeded to a hearing before a magistrate.   At the time of the hearing, appellee was 59 years old.   She had significant health issues, including post status hysterectomy, a prolapsed bladder, and general incontinence.   She had only worked full-time outside the home for two years of the marriage, and was employed part-time at Marilyn's Natural Foods.   Appellant was 62 years old and also had significant health problems, including arthritis and prostate difficulties.   Appellant had been retired on social security disability for about five years.

{¶4}    The magistrate recommended that appellee be granted a legal separation and that appellant's counterclaim for divorce be denied.   The magistrate recommended that appellant pay spousal support to appellee in the amount of $369.00 per month for eight years.

{¶5}    Appellant filed objections to the magistrate's decision.   The trial court overruled his objections concerning spousal support and grounds for divorce.   The court found that a legal separation would allow appellee to remain on appellant's health

insurance from his former employer, and granting appellant's request for divorce would place appellee in jeopardy because health insurance coverage is not likely to be available. The court found that based on appellee's health condition and the 41-year length of the marriage the just result was to grant the legal separation and dismiss the divorce.

{¶6} Appellant assigns two errors on appeal:

{¶7} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT THE WIFE SHOULD BE AWARDED SPOUSAL SUPPORT DUE TO THE LARGE PROPERTY AWARD SHE RECEIVED FROM THE HUSBAND.

{¶8} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE HUSBAND'S COUNTERCLAIM FOR DIVORCE WHEN HE HAD PROPER GROUNDS PURSUANT TO R.C. 3105.01."

I.

{¶9} Appellant argues that the court erred in awarding spousal support to appellee. He argues that the award was unreasonable because she received a large property settlement in the separation, and she is employed and has the ability to work more hours than she chooses to work.

{¶10} Our review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard. *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981). We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 541 N.E.2d 597 (1989). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable,

arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶11}   R.C. 3105.18(C)(1) sets forth the factors the trial court is to consider when awarding spousal support:

{¶12}   "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

{¶13}   "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

{¶14}   "(b) The relative earning abilities of the parties;

{¶15}   "(c) The ages and the physical, mental, and emotional conditions of the parties;

{¶16}   "(d) The retirement benefits of the parties;

{¶17}   "(e) The duration of the marriage;

{¶18}   "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

{¶19}   "(g) The standard of living of the parties established during the marriage;

{¶20}   "(h) The relative extent of education of the parties;

{¶21}   "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

{¶22} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

{¶23} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

{¶24} "(l) The tax consequences, for each party, of an award of spousal support;

{¶25} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

{¶26} "(n) Any other factor that the court expressly finds to be relevant and equitable."

{¶27} The trial court found that there was a significant income disparity between the parties during their long marriage, and due to age and education neither party could earn significant income in the future. The court found that appellee had been a stay-at-home mom, deferring significant earning opportunity. After dividing the assets of the marriage equally, appellant still received Social Security in the amount of $1,987.00 per month, while appellee's part-time income was $568.53. While appellant argues there is no evidence that appellee is unable to work more hours per week than her current part-time hours, there is also no evidence that she has more working hours available to her at the health food store. Appellee only worked full-time for two years of the forty-one year marriage, and was 59 years old at the time of the divorce. The trial court did not

abuse its discretion in awarding spousal support in the amount of $369.00 per month for eight years.

{¶28} The first assignment of error is overruled.

II.

{¶29} In his second assignment of error, appellant argues that the court erred in not granting a divorce to him rather than granting a legal separation to appellee.

{¶30} Appellant first argues that he established the grounds of extreme cruelty because appellee refused to have sex with him.

{¶31} "The definition of extreme cruelty is sufficiently broad to encompass acts and conduct which destroy the peace of mind and happiness of one of the parties to the marriage and make the marital relationship intolerable to that party." *Wuebker v. Wuebker,* 3rd Dist. No. 2-03-04, 2003-Ohio-2954, at ¶ 9.

{¶32} Appellant presented the following testimony to support his claim of extreme cruelty:

{¶33} "A: And I couldn't deal with – I got refused sex if she wanted something and didn't get it.

{¶34} "Q: When is the last time that you have had sex with your wife?

{¶35} "A: Two times in March the year before last.

{¶36} "Q: All right.  That's the last time?

{¶37} "A: Yes.

{¶38} "Q: And before that, how long a period of time was it?

{¶39} "A: It was very seldom.  Maybe not even once a month.  She refused most of the time."

{¶40} Tr. 108-109.

{¶41} The trial court did not err in finding this evidence did not rise to the level of extreme cruelty. Both of the parties had health issues, and appellant had retired on disability due to his health problems. Further, appellant has not demonstrated that appellee's refusal to have sex with him made the marital relationship intolerable to him, as he testified that he loved his wife and did not want the separation, but if they were going to be apart he wanted a divorce and not merely a separation.

{¶42} Appellant also argues that because the court granted the separation on the grounds of incompatibility, the court should have granted him a divorce on the same grounds.

{¶43} R.C. 3105.17(A) provides in pertinent part:

{¶44} "(A) Either party to the marriage may file a complaint for divorce or for legal separation, and when filed the other may file a counterclaim for divorce or for legal separation. The court of common pleas may grant divorces for the causes set forth in section 3105.01 of the Revised Code. The court of common pleas may grant legal separation on a complaint or counterclaim, regardless of whether the parties are living separately at the time the complaint or counterclaim is filed, for the following causes:

{¶45} "(10) Incompatibility, unless denied by either party."

{¶46} In addressing the issue of whether the court may choose between a legal separation or a divorce when identical grounds are pled and proven, the Court of Appeals for the Eleventh District held:

{¶47} "We believe that the clear language of the statute gives the trial court the discretion to decide whether a legal separation or a divorce is most appropriate in each

situation, including those situations where parties are alleging grounds based on the identical provisions of R.C. 3105.01 and 3105.17. As with other decisions made in matters of domestic relations, the trial court's decision should not be overturned absent an abuse of discretion. The statute obviously contemplates the situation in which there is evidence presented which would satisfy similar or dissimilar grounds for either divorce or legal separation. In such a situation, the court is given discretion to choose between the two based on the overall circumstances beyond the grounds alleged and proven." *Harcourt v. Harcourt*, 11th Dist. No. 97-A-0066, 1998 WL 683811 (September 30, 1998).

{¶48} The trial court found a legal separation would allow appellee to remain on appellant's health insurance from his former employer, and granting appellant's request for divorce would place appellee in jeopardy because health insurance coverage is not likely to be available. The court found that based on appellee's health condition and the 41-year length of the marriage the just result was to grant the legal separation and dismiss the divorce. Based on the facts of this case, we find the court did not abuse its discretion in granting a separation rather than a divorce on the grounds of incompatibility.

{¶49} The second assignment of error is overruled.

{¶50}   The judgment of the Coshocton County Common Pleas Court is affirmed.

Costs are assessed to appellant.


By: Baldwin, J.

Gwin, P. J. and

Wise, J. concur.


_____

HON. CRAIG R. BALDWIN


_____

HON. W. SCOTT GWIN


_____

HON. JOHN W. WISE


CRB/rad

[Cite as *Brown v. Brown*, 2013-Ohio-2709.]

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LINDA L. BROWN | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CORY L. BROWN | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 2012CA0010 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed. Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE