[Cite as *McDowall v. McDowall*, 2015-Ohio-3213.]

STATE OF OHIO        )
                                  )ss:
COUNTY OF SUMMIT    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

ROBERT H. MCDOWALL

    Appellee

    v.

LAURA MCDOWALL

    Appellant

C.A. No.      27448

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2012-007-2245

DECISION AND JOURNAL ENTRY

Dated: August 12, 2015

GALLAGHER, Judge.

{¶1} Defendant Laura McDowall appeals from the judgment of divorce. For the following reasons, we affirm.

{¶2} Robert H. and Laura McDowall were married in 1987 and had four children between 1988 and 1995. Both entered the marriage with law degrees, although Robert had outstanding student loans until those were satisfied in 1997. Laura maintained her own lucrative law practice, while Robert was unemployed until 2007 when he began working for Summit County. Laura suffered health issues beginning in 2005, eventually forcing her to step away from her law practice in 2011. On December 31, 2011, Robert moved out of the marital home and filed for divorce. Laura countered, asking for a legal separation. The trial court granted a divorce and divided the marital property. Laura timely appealed the decision, advancing eight assignments of error.

{¶3} In her first assignment of error, Laura claims the trial court erred in failing to divide marital debt allegedly owed to Laura's father and the couple's accountant.[1] Laura claims that her father loaned the couple $205,921.12 during the marriage for various reasons and that the couple still owes their accountant $1,590 for preparing marital tax returns. The first assignment of error is without merit.

{¶4} "The classification of property as a loan or a gift is a factual determination" reviewed under a manifest weight standard of review. *Downing v. Downing*, 6th Dist. Erie No. E-13-050, 2014-Ohio-4725, ¶ 11, citing *Johnson v. Johnson*, 12th Dist. Warren No. CA99-01-001, 1999 Ohio App. LEXIS 4596 (Sept. 27, 1999); and *Bertsch v. Bertsch*, 9th Dist. Wayne No. 97CA0009, 1997 Ohio App. LEXIS 5188 (Nov. 19, 1997). As a result, our review is limited to determining whether the trial court's findings are supported by competent, credible evidence. *Id.*

{¶5} In this case, competent, credible evidence supports the trial court's finding that Laura's father did not loan the couple money. Laura did not produce documentary evidence to support the existence of the loans or their terms. According to Laura, starting in 2006, her father gave the couple money for office expenses for her law practice, to purchase an investment property, and to cover certain real estate taxes on the several properties the couple owned. No terms for repayment were established. Laura's father did loan the couple $32,000 in 2010, as

---

[1]Laura claims the trial court also erred by not ordering Robert to satisfy the full tax debt from 2011 "as the balance exists at the time of satisfaction." The trial court ordered Robert to pay the 2011 tax debt. Any argument advanced by Laura in this regard is unclear and seems to be moot. We find no error with the court's apportionment of tax liabilities based on the argument advanced. App.R. 16(A)(7).

demonstrated by a promissory note. The trial court considered the promissory note to be marital debt. Laura's testimony was the only evidence demonstrating that the remainder of the transactions were in the nature of loans.

{¶6} In a similar case, the Tenth District determined that the lack of evidence supporting the existence of a loan and its terms supported the trial court's treatment of the exchange as a gift. *Wehrle v. Wehrle*, 10th Dist. Franklin No. 12AP-386, 2013-Ohio-81, ¶ 45. In that case, the parties disputed the nature of certain transactions between the husband and his brother to cover expenses during the divorce. *Id.* at ¶ 43. The Tenth District determined that the trial court was in the best position to assess the credibility of the witnesses' testimony, the only evidence substantiating that the money was not a gift. *Id.* at ¶ 45; *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus; *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). In light of the lack of credible evidence establishing the terms of the alleged loans, the Tenth District affirmed the trial court's determination that the transactions were in the nature of gifts. *Id.* We are compelled to agree; the trial court in this case was in the best position to determine the credibility of the witnesses with regard to the issue of whether Laura's father loaned or gifted the money. The trial court's determination that the money was in the nature of a gift was supported by the evidence.

{¶7} With respect to the alleged debt owed to the accountant, Laura introduced a billing statement listing several charges for unspecified services spanning 2008 through 2012. Only the charge from 2012 indicated it was for the preparation of the taxes. The parties filed separate tax returns in 2012, and the trial court ordered the parties to be responsible for their own

2012 tax liabilities. Except for Laura's testimony, subject to the trial court's credibility determination, there is no evidence that the accountant rendered services for the couple for the remaining portion of the bill, and therefore, there is no competent, credible evidence substantiating the alleged debt. Accordingly, the first assignment of error is overruled.

{¶8} In her second assignment of error, Laura claims an interest in the marital funds expended to satisfy the separate law school debt Robert carried into the marriage. Without citation to any authority as required by App.R. 16(A)(7), Laura claims she should be credited for the marital assets used to pay off the loans, which would have been separate property had the debt carried through to the divorce. We find no merit to her argument and summarily overrule it.

{¶9} In general, "Ohio does not permit valuation and distribution of a mere professional license or degree (as opposed to an active professional practice) in making a property distribution." *An v. Manson*, 10th Dist. Franklin No. 06AP-90, 2006-Ohio-6733, ¶ 26, citing *Stevens v. Stevens,* 23 Ohio St.3d 115, 117-118, 492 N.E.2d 131 (1986). The student loans incurred to obtain Robert's law degree were satisfied long before the divorce. Ohio does not recognize the division of a professional license, and there is no evidence of a loan. The second assignment of error is overruled.[2]

{¶10} In her third, fourth, and seventh assignments of error, Laura argues that the trial court erred in failing to make distributive awards based on her allegations of misconduct. She

---

[2]Laura also argues that she is entitled to the first $16,000 from the sale of an investment property because she cashed out retirement funds to make a down payment. The argument was not supported by citations to authority as required by App.R. 16(A)(7). We therefore decline to address the argument.

claims that Robert withheld rental disbursements from the investment property, failed to pay the insurance premiums when due, failed to make the mortgage payments timely despite receiving income from the investment properties, and cashed in stocks. "A trial court has broad discretion to make distributive awards to a spouse, pursuant to R.C. 3105.171(E), in order to compensate for the financial misconduct of the other spouse." *Gentile v. Gentile*, 8th Dist. Cuyahoga No. 97971, 2013-Ohio-1338, ¶ 55, citing *Hvamb v. Mishne*, 11th Dist. Geauga No. 2002-G-2418, 2003-Ohio-921, ¶ 14, and *Lassiter v. Lassiter*, 1st Dist. Hamilton No. C-010309, 2002-Ohio-3136; *see also Havrilla v. Havrilla*, 9th Dist. Summit No. 27064, 2014-Ohio-2747, ¶ 47 (party complaining of misconduct bears the burden of proof). Pursuant to R.C. 3105.171(E), "financial misconduct includes the dissipation, concealment, destruction, or fraudulent disposition of assets." *Id.* "Typically, the offending spouse will either profit from the misconduct or intentionally defeat the other spouse's distribution of marital assets." *Id.*, citing *Hammond v. Brown*, 8th Dist. Cuyahoga No. 67268, 1995 Ohio App. LEXIS 3975 (Sept. 14, 1995). We review such determinations under an abuse of discretion standard. *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 401, 696 N.E.2d 575 (1998); *Bostick v. Bostick*, 8th Dist. Cuyahoga No. 90711, 2008-Ohio-5119, ¶ 19.

{¶11} Nothing supports the conclusion that the trial court abused its discretion in refusing to make any distributive awards after considering Laura's arguments. The record is devoid of any demonstration that Robert profited from the alleged misconduct or intentionally sought to dissipate assets. There was an issue of fact resolved in Robert's favor regarding the financial buoyancy of the rental property. According to Robert, the rent did not cover the

mortgage, much less the maintenance and insurance premiums. Laura disagreed, but the trial court implicitly deemed Robert's testimony on the point more credible. Further, there was no evidence that the proceeds from the stock certificate were used for anything other than marital expenses. As a result, the trial court did not abuse its discretion. The third, fourth, and seventh assignments of error are overruled.

{¶12} In her fifth and sixth assignments of error, Laura claims the trial court erred in failing to make a distributive award for hail damage to the marital home incurred after Robert failed to pay the homeowner's insurance premium and by excluding evidence that would have demonstrated the existence of an agreement to pay such. We reject her arguments because even assuming the obligation existed, Laura's testimony substantiating the damage caused by the hail storm was excluded by the trial court.[3] There is no other evidence in the record upon which a distributive award could be based. As a result, any evidence demonstrating the existence of an agreement to pay the insurance premium is unnecessary. The fifth and sixth assignments of error are overruled.

{¶13} And finally, in the eighth assignment of error, Laura claims the trial court abused its discretion by granting a judgment of divorce rather than of legal separation. R.C. 3105.17(A)(10) provides:

---

[3]Laura also claims that she owes $350 for forced insurance premiums, but there is no evidence in the record substantiating the claim for the marital home. The evidence Laura cited in support suggests the forced insurance was paid through escrow on an investment property and not the marital home. Because the argument is unclear and not supported by any citation to the record, we will not consider it. App.R. 16(A)(7).

Either party to the marriage may file a complaint for divorce or for legal separation, and when filed the other may file a counterclaim for divorce or for legal separation. The court of common pleas may grant divorces for the causes set forth in section 3105.01 of the Revised Code. The court of common pleas may grant legal separation on a complaint or counterclaim, regardless of whether the parties are living separately at the time the complaint or counterclaim is filed, for the following causes:

* *

(10) Incompatibility, unless denied by either party.

{¶14} Trial courts, therefore, have discretion to enter a final divorce decree or one for legal separation based on the facts of each case. *Harcourt v. Harcourt*, 11th Dist. Ashtabula No. 97-A-0066, 1998 Ohio App. LEXIS 4624 (Sept. 30, 1998); *Brown v. Brown*, 5th Dist. Coshocton No. 2012CA0010, 2013-Ohio-2709, ¶ 47; *Collins v. Collins*, 8th Dist. Cuyahoga No. 91761, 2009-Ohio-5687, ¶ 7. We will not disturb that decision absent an abuse of discretion.

{¶15} Laura's sole contention is that she cannot obtain health insurance on her own, so the trial court abused its discretion in granting Robert a divorce instead of a legal separation, in which case it is presumed that Laura could retain her health insurance benefits under Robert's benefits plan. We find no merit to Laura's argument, which is heavily dependent upon her interpretation of the Fifth District's decision in *Brown*. Her reliance is misplaced.

{¶16} In *Brown*, the trial court found that without the legal separation, health insurance would not be available. *Brown* at ¶ 48. Laura qualifies for Medicaid and has the opportunity to retain her current health insurance for three years. There is no evidence in the record demonstrating the impossibility of obtaining supplemental health insurance to cover that which Medicaid denies after that three-year period. Laura's argument is entirely based on the

speculative belief that she cannot obtain health insurance. We cannot find that the trial court abused its discretion based on speculation. Further, any increased cost associated with her health insurance was considered by the trial court in awarding spousal support. Laura has not assigned error to the trial court's spousal support award. Her eighth assignment of error is overruled. The trial court did not abuse its discretion in granting an order of divorce.

{¶17} The decision of the trial court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SEAN C. GALLAGHER
FOR THE COURT

GALLAGHER, P.J.
McCORMACK, J.
CONCUR.

(Sitting by assignment: Judge Sean C. Gallagher, Judge Eileen A. Gallagher, and Judge Tim McCormack of the Eighth District Court of Appeals)


APPEARANCES:

LESLIE S. GRASKE, Attorney at Law, for Appellant.

CHARLES GRISI, Attorney at Law, for Appellee.