DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Linda Stang, Shannon Dreger, and Thomas N. Strickler (collectively "the Siblings"), appeal from the judgment of the Lorain County Court of Common Pleas, Probate Division, approving the final accounting of a guardianship. This Court dismisses the appeal.
 I {¶ 2} Pursuant to an appointment from the probate court, Ronda Searl acted as the guardian of her mother, Bevan L. Strickler, and her mother's estate from July 21, 2004 to July 7, 2005, when Bevan died. Ronda handled all of Bevan's finances and oversaw Bevan's caretaking needs after removing her from the assisted living facility where she had resided. Over the course of the guardianship, Ronda filed multiple applications for the release and expenditure of funds with the probate court. After Bevan died, however, Ronda's brother and sisters, the Siblings, sought to challenge the majority of Ronda's expenditures. *Page 2 
 {¶ 3} On January 6, 2006, Ronda filed a final accounting tallying all of the receipts, disbursements, and remaining balance of Bevan's estate, and a motion to terminate the guardianship. The Siblings and Lorain National Bank, the administrator of Bevan's estate, filed exceptions to Ronda's accounting, arguing that her calculations could not be verified based on the information and receipts that she provided in her final accounting. On April 5, 2007, the magistrate issued his decision, determining that Ronda owed the guardianship estate $26,659.45 based on certain unauthorized expenditures and failure to account for certain receipts. Ronda and the Siblings filed objections to the magistrate's decision, and the trial court ordered the magistrate to supplement its decision with findings of fact and law. On May 9, 2007, the magistrate produced its supplemental findings and reduced the amount Ronda owed to $18, 540.23. Ronda and the Siblings filed additional objections.
 {¶ 4} Before the trial court responded to the additional objections, Ronda filed a supplemental guardian's final account on May 10, 2007. The court accepted Ronda's supplemental filing and relied upon it in its ruling on the magistrate's decision. On February 21, 2008, the court determined that Ronda provided several of the unaccounted for receipts in her supplemental filing, further reduced the amount Ronda owed to $5,610.36, and approved the guardianship account.
 {¶ 5} The Siblings now appeal from the trial court's judgment and raise two assignments of error for our review.[1] *Page 3 
 II Assignment of Error Number One "THE TRIAL COURT ERRED IN APPROVING THE GUARDIAN'S FINAL ACCOUNT, HOLDING THE GUARDIAN CHARGEABLE WITH ONLY $5,610.36 IN RECEIPT SHORTAGES."
 Assignment of Error Number Two "THE TRIAL COURT ERRED IN PERMITTING THE GUARDIAN TO FILE A `1ST FINAL SUPPLEMENTAL ACCOUNT.'"
 {¶ 6} In their first assignment of error, the Siblings argue that the trial court erred in approving Ronda's final accounting and finding her personally liable to Bevan's estate for only $5,610.36. In their second assignment of error, the Siblings argue that the trial court erred in accepting Ronda's supplemental final account filing. We cannot address either argument, however, because the Siblings have not appealed from a final judgment.
 {¶ 7} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 must be satisfied. Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88. Pursuant to R.C. 2505.02(B), an order must fully determine an action to be final.
 {¶ 8} Civ. R. 53 governs magistrate's decisions. This Court has literally interpreted Civ. R. 53 in the past and has held that for a trial court's ruling on a magistrate's decision to be final, the court must independently enter judgment. Harkai v. Scherba Industries,Inc. (2000), 136 Ohio App.3d 211, 218-21 (holding that an order in which the court merely adopts or affirms a magistrate's decision is not final because a court must explicitly enter judgment independently of the magistrate). Apart from requiring a trial court to enter its own judgment on a magistrate's decision, Civ. R. 53 also requires a court to dispose of any timely filed objections. The rule *Page 4 
provides that "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections." Civ. R. 53(D)(4)(d).[2] When a trial court enters judgment on a magistrate's decision, but fails to explicitly rule on a party's objections, that judgment does not constitute a final, appealable order because it does not fully determine the action. See R.C. 2505.02; In re K.K., 9th Dist. No. 22352, 2005-Ohio-3112, at ¶ 11-14 (noting that court must explicitly dispose of any objections raised pursuant to Civ. R. 53). See, also,Lynch v. Lynch, 12th Dist. No. CA2006-12-145, 2007-Ohio-7083, at ¶ 8-11;Schmidli v. Schmidli, 7th Dist. No. 02 BE 63, 2003-Ohio-3274, at ¶ 14-16; Dorton v. Dorton (May 22, 2000), 5th Dist. No. 99CAF11061, at *2.
 {¶ 9} The record reflects that after the Siblings received the magistrate's supplemental findings of fact and conclusions of law on their exceptions, the Siblings filed seven objections to the magistrate's decision on May 24, 2007. On February 21, 2008, the trial court issued a "Judgment Entry on Objections to Guardian's Account" in which it noted that it was considering the Siblings' objections. Yet, a review of the trial court's judgment entry reveals that the trial court never explicitly ruled on the Siblings' objections. The court merely adjusted the amount that Rhonda, as Bevan's guardian, owed to the estate and approved the accounting. Moreover, a reading of the trial court's judgment entry indicates that the trial court may have confused the Siblings' objections with the guardian's expenditures. The court's entry reads, in part, as follows:
 "This matter came to be considered upon objections to the First and Final Guardian's Account. The account lists * * * 373 expenditures * * *. Exceptors filed objections to 367 expenditures[.] * * * Regarding expenditures, exceptors do not address each of the 367 objections separately." (Emphasis added.) *Page 5 
The court's second journal entry, in response to the Siblings' request for findings of fact and conclusions of law further provides, in relevant part, that:
 "For reasons set forth in the February 21, 2008 entry, no specific findings can be made with respect to each of the 367 objections raised by exceptors." (Emphasis added.)
As previously noted, the Siblings filed seven objections to the magistrate's decision, which challenged the 367 expenditures listed in the guardian's accounting as well as other matters. The Siblings did not file 367 objections. Consequently, apart from the fact that the trial court did not explicitly rule on the Siblings' seven objections, it would appear that the court may have confused the objections with the expenditures.
 {¶ 10} Because the lower court's order does not explicitly rule on the Siblings' objections so as to fully determine the action below, it is not a final, appealable order. See R.C. 2505.02; In re K.K. at ¶ 11-14. For a trial court's ruling on a magistrate's decision to be final and appealable, the trial court must enter judgment independently of the magistrate and must explicitly overrule or sustain any timely filed objections. See Civ. R. 53(D)(4). If a trial court's order fails to comply with either of these two requirements, then it is not a final, appealable order. Because the trial court below failed to explicitly indicate that the Siblings' seven objections were overruled or sustained, either in part or in their entirety, the court's order is not final and appealable, and this Court lacks jurisdiction to consider it.
 III {¶ 11} This Court does not have jurisdiction to consider either of the Siblings' assignments of error because they have not appealed from a final, appealable order. As such, this appeal is dismissed.
 Appeal dismissed. *Page 6 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
SLABY, J., CONCURS
[1] Lorain National Bank never filed any objections in the court below beyond its initial exceptions to Ronda's accounting and has not appealed from the trial court's judgment.
[2] The former version of Civ. R. 53 contained a similar provision. See Former Civ. R. 53(E)(4)(b).