DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jerome Bauer ("Bauer"), appeals from the decision of the Medina County Court of Common Pleas. This Court dismisses his appeal.
 I. {¶ 2} On March 19, 2007, Bauer filed a complaint against the City of Brunswick ("the City") alleging trespass/nuisance. Specifically, Bauer complained that a drainage ditch owned, controlled, and maintained by the City caused structural damage to his property. Bauer further petitioned the trial court to issue a writ of mandamus to the City, compelling it to commence an action for the taking of his property without just compensation. On April 19, 2007, the City answered Bauer's complaint. On May 9, 2007, the City amended its answer, asserting several new affirmative defenses, including the defense that Bauer's petition for mandamus failed to comply with Chapter 2731 of the Ohio Revised Code. *Page 2 
 {¶ 3} On November 5, 2007, the City filed its motion for summary judgment. On November 9, 2007, Bauer filed a motion to strike the portion of his deposition attached to the City's summary judgment motion. On November 28, 2007, Bauer filed for leave to file his memorandum in opposition to the City's summary judgment motion. On the same date, the magistrate entered his decision, concluding that Bauer failed to submit any evidentiary material pointing to a genuine issue of material fact and therefore granted the City's summary judgment motion and dismissed Bauer's complaint. On December 5, 2007, Bauer objected to the magistrate's decision, stating among other objections, that the decision failed to address his pending motion for leave to file his memorandum in opposition before entering judgment as a matter of law. The City responded to these objections.
 {¶ 4} On January 22, 2008, Bauer filed his memorandum in opposition to the City's summary judgment motion. On February 5, 2008, the City filed a reply brief in further support of its summary judgment motion. On April 3, 2008, the trial court held a hearing. On April 10, 2008, the trial court granted the City's summary judgment motion and dismissed Bauer's complaint. Bauer timely appealed from this decision raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY GRANTING THE CITY['S] MOTION FOR SUMMARY JUDGMENT[.]"
 {¶ 5} In his sole assignment of error, Bauer contends that that the trial court erred by granting the City's motion for summary judgment. We find that we are without jurisdiction to address the merits of Bauer's contentions. *Page 3 
 {¶ 6} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this Court has jurisdiction to review only final and appealable orders. See Harkai v. Scherba. Industries,Inc. (2000), 136 Ohio App.3d 211, 219. "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ. R. 54(B), if applicable, must be satisfied." (Citation omitted.) Konstand v.Barberton, 9th Dist. No. 21651, 2003-Ohio-7187, at ¶ 4. Pursuant to R.C. 2505.02(B)(1), for an action to be final, an order must fully determine the action.
 {¶ 7} We note that a magistrate initially filed a decision with regard to the City's summary judgment motion. Bauer then filed objections to the magistrate's decision. Civ. R. 53 governs magistrate's decisions. We interpret Civ. R. 53 literally and have held that for a trial court's ruling on a magistrate's ruling to be final, the trial court must independently enter judgment. Harkai, 136 Ohio App.3d at 218-21. Further, we have recently stated that "[a]part from requiring a trial court to enter its own judgment on a magistrate's decision, Civ. R. 53 also requires a court to dispose of any timely filed objections." In reStrickler, 9th Dist. Nos. 08CA009375, 08CA009393, 2008-Ohio-5813, at ¶ 8. Civ. R. 53(D)(4)(d) provides that "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections." The trial court's order neither references nor rules upon the objection to the magistrate's decision. Accordingly without an explicit ruling on Bauer's objections to the magistrate's decision, the trial court's April 10, 2008 judgment does not constitute a final, appealable order because it did not fully determine the action. See R.C. 2505.02(B)(1); In re Strickler, supra. As we find that the trial court's entry is not a final, appealable order, we are without jurisdiction to review the merits of Bauer's assigned error. *Page 4 
 III. {¶ 8} Bauer's assignment of error is not addressed. This Court lacks jurisdiction over the appeal. The appeal, therefore, is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 CARR, P. J. DICKINSON, J. CONCUR *Page 1