{¶ 8} I respectfully dissent, as I would hold that this Court does not have jurisdiction to consider the appeal because no final, appealable order has been entered by the trial court.
 {¶ 9} This Court has previously stated:
 "Civ. R. 53 governs magistrate's decisions. We interpret Civ. R. 53 literally and have held that for a trial court's ruling on a magistrate's ruling to be final, the trial court must independently enter judgment. Harkai [v. Scherba Industries, Inc. (2000)], 136 Ohio App.3d [211,] [] 218-21. Further, we have recently stated that `[a]part from requiring a trial court to enter its own judgment on a magistrate's decision, Civ. R. 53 also requires a court to dispose of any timely filed objections.' In re Strickler, 9th Dist. Nos. 08CA009375, 08CA009393, 2008-Ohio-5813, at ¶ 8. Civ. R. 53(D)(4)(d) provides that `[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections.' The trial court's order neither references nor rules upon the objection to the magistrate's decision. Accordingly without an explicit ruling on Bauer's objections to the magistrate's decision, the trial court's April 10, 2008 judgment does not constitute a final, appealable order because it did not fully determine the action. See R.C. 2505.02(B)(1); In re Strickler, supra." Bauer v. Brunswick, 9th Dist. No. 08CA0034-M, 2008-Ohio-6348, at ¶ 7.
 {¶ 10} Mr. Carson filed timely objections to the magistrate's decision on June 10, 2008. The trial court's June 11, 2008 journal entry adopting the magistrate's decision erroneously stated that no objections had been filed by the June 10, 2008 due date. The trial court later realized its error and purported to rule on Mr. Carson's objections in its June 20, 2008 journal entry. Consequently, I would hold that the June 11, 2008 order was interlocutory in nature in that the trial court had not ruled on pending objections, and the trial court had the jurisdiction to *Page 5 
issue the June 20, 2008 order. However, I would further hold that the June 20, 2008 order is not final and appealable on the authority ofBauer, supra, because the trial court still did not rule on all pending objections. Mr. Carson filed three objections and the trial court ruled only on the first objection. Accordingly, I would dismiss the appeal for lack of a final, appealable order. *Page 1