DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} James Thompson moved to terminate his support payments to Joyce Thompson after his pension benefits were cut significantly. A magistrate found that the court did not have jurisdiction to modify the support award, except under the terms of the Thompsons' separation agreement. Mr. Thompson objected, but the trial court agreed with the magistrate and adopted his decision. Because the trial court's judgment was not a final, appealable order, this Court dismisses the attempted appeal.
 FACTS {¶ 2} The Thompsons' marriage was dissolved on October 13, 1983. Under the terms of their separation agreement, Mr. Thompson agreed to pay Mrs. Thompson support in the amount of $3450 per month from July 1983 to June 1985, $2950 per month from July 1985 to June 1993, and $2500 per month thereafter. The agreement provided that, if Mr. Thompson *Page 2 
retired from United Airlines and his retirement benefits were less than $66,000 per year, Mrs. Thompson's support payments would be reduced proportionately. As an example, the agreement provided that, if Mr. Thompson's retirement pay was $33,000, Mrs. Thompson's support payments would be reduced by 50%.
 {¶ 3} In 1986, Mr. Thompson moved for an order dividing his support payments between spousal support and child support and seeking to modify his child support obligation. The matter was referred to a referee, who concluded that the court did not have jurisdiction to modify the support award. Mr. Thompson objected, but the common pleas court adopted the referee's decision.
 {¶ 4} In 2002, Mr. Thompson moved to modify his support payments because he had retired from United Airlines and his income had dropped significantly. The parties eventually agreed that he could reduce his payments to $1500 per month. In 2005, Mr. Thompson moved to terminate spousal support because United Airlines had gone into bankruptcy and the Pension Benefit Guaranty Corporation, which had taken over his pension, had greatly reduced his benefits.
 {¶ 5} The Thompsons agreed to submit Mr. Thompson's motion on stipulations of fact and their briefs. The motion was referred to a magistrate, who determined that, although the court retained jurisdiction to modify the support award in accordance with the separation agreement, any adjustment that was required under the agreement had already been accomplished when the parties agreed that Mr. Thompson could reduce his support payments to $1500. The magistrate determined that the court did not have jurisdiction to modify the support obligation outside of the agreement. He, therefore, concluded that Mr. Thompson's motion should be overruled. *Page 3 
 {¶ 6} Mr. Thompson objected to the magistrate's decision, arguing that the court had jurisdiction to modify the support obligation outside of the agreement. He also argued that, under a strict reading of the agreement, because his retirement benefits were not being paid by United Airlines, he no longer had to make any support payments.
 {¶ 7} On January 29, 2007, the trial court entered its judgment. It noted that Mr. Thompson had had a previous opportunity to challenge the limits of the court's jurisdiction over his spousal support obligation. Because he had not raised his arguments at that time, he was precluded from making them now. The court also noted that, although the separation agreement contemplated Mr. Thompson's retirement from United Airlines, his support obligation was not contingent on the airline paying his benefits. The court adopted the magistrate's decision "as if fully rewritten herein" and affirmed it "as an order of the Court." Mr. Thompson has assigned one error regarding whether the trial court incorrectly concluded that it did not have jurisdiction to modify or terminate the support award.
 FINAL ORDER {¶ 8} The Ohio Constitution restricts an appellate court's jurisdiction to the review of final orders of lower courts. Ohio Const. Art. IV, § 3(B)(2). "An order of a court is a final, appealable order only if the requirements of both Civ. R. 54(B), if applicable, and R.C. 2505.02 are met." Chef Italiano Corp. v. Kent State Univ.,44 Ohio St. 3d 86, syllabus (1989).
 {¶ 9} This Court has held that matters initially heard by a magistrate are not final until a judge "separately enter[s] his or her own judgment setting forth the outcome of the dispute and the remedy provided."Harkai v. Scherba Indus. Inc., 136 Ohio App. 3d 211, 218 (2000). "The judge is not permitted to conclude the case by simply referring to the magistrate's decision, even though it may appear more expedient to do so." Id. This Court has also held that, "[w]hen a trial *Page 4 
court enters judgment on a magistrate's decision, but fails to explicitly rule on a party's objections, that judgment does not constitute a final, appealable order because it does not fully determine the action." In re Strickler, 9th Dist. Nos. 08CA009375, 08CA009393,2008-Ohio-5813, at ¶ 8 (citing R.C. 2505.02; In re K.K., 9th Dist. No. 22352, 2005-Ohio-3112, at ¶ 11-14).
 {¶ 10} Although the trial court entered a separate judgment, that judgment did not set forth the outcome of the case. It merely stated that the magistrate's decision was "adopted as if fully rewritten herein and is affirmed as an order of the Court." In addition, although the court noted it was considering Mr. Thompson's objections, it never explicitly ruled on them. This Court, therefore, concludes that the trial court's judgment was not a final, appealable order. Id. at ¶ 10 ("For a trial court's ruling on a magistrate's decision to be final and appealable, the trial court must enter judgment independently of the magistrate and must explicitly overrule or sustain any timely filed objections.").
 CONCLUSION {¶ 11} The trial court's judgment is not a final, appealable order. Accordingly, Mr. Thompson's attempted appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 CARR, P. J. WHITMORE, J. CONCUR *Page 1