DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jamie Knisley ("Mother"), appeals the judgment of the Wayne County Court of Common Pleas, Juvenile Division. This Court dismisses for lack of a final, appealable order.
 I. {¶ 2} On February 27, 2008, Wayne County Children Services Board ("CSB") filed a complaint, alleging M.H. to be a dependent child pursuant to R.C. 2151.04(C) and (D). The juvenile court held an adjudicatory hearing on April 21, 2008. On April 24, 2008, the magistrate issued a decision, adjudicating the child dependent pursuant to R.C. 2151.04(C) and granting an order of protective supervision to CSB. On the same day, the judge, after independent review of the matter, as well as the findings and decision of the magistrate, issued a judgment entry adjudicating M.H. a dependent child pursuant to R.C. 2151.04(C) and granting an order of protective supervision to CSB. *Page 2 
 {¶ 3} On April 25, 2008, Mother filed timely objections to the magistrate's decision, as well as a praecipe to the court reporter for a transcript of proceedings. On May 27, 2008, the court reporter moved for a 30-day extension of time in which to transmit the record. The juvenile court granted the extension of time. On June 16, 2008, Mother filed her memorandum in support of objections. On July 9, 2008, CSB filed a response in opposition to Mother's objections.
 {¶ 4} On July 30, 2008, the juvenile court issued a judgment entry, which stated: "The operation of the case plan was stayed by this Court on April 30, 2008 during the pendency of the objections. Objections have been filed, a transcript provided and briefs by counsel filed. This matter is now properly before the Court." The juvenile court made various findings of fact and conclusions of law. The juvenile court then ordered that M.H. was adjudicated a dependent child and placed him under the protective supervision of CSB. Mother timely appeals.
 II. ASSIGNMENT OF ERROR I "THE WAYNE COUNTY JUVENILE COURT ERRED BY FINDING [M.H] TO BE A DEPENDENT CHILD PURSUANT TO R.C. 2151.04(C)."
 ASSIGNMENT OF ERROR II "THE WAYNE COUNTY JUVENILE COURT ERRED BY ADMITTING THE HEARSAY SEXUAL ABUSE ALLEGATIONS OF [B.P.] UNDER EVID.R. 803(4), WHEN THEY SHOULD HAVE BEEN EXCLUDED UNDER EVID.R. 807."
 ASSIGNMENT OF ERROR III "THE WAYNE COUNTY JUVENILE COURT ERRED BY REFUSING TO PERMIT THE TESTIMONY OF BEVERLY THEIL, TO THE PREJUDICE OF [MOTHER], AND IN VIOLATION OF BASIC CONSTITUTIONAL FAIRNESS." *Page 3 
 {¶ 5} Mother argues that the juvenile court erred by admitting certain evidence and disallowing certain evidence at the adjudicatory hearing, and by adjudicating M.H. a dependent child. This Court cannot address any of the assignments of error because Mother has not appealed from a final, appealable order.
 {¶ 6} Article IV, Section 3(B)(2) of the Ohio Constitution limits an appellate court's jurisdiction to addressing "judgments or final orders." The requirements of R.C. 2505.02 must be met for an order to be final and appealable. Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, at syllabus.
 {¶ 7} This Court recently wrote:
 "Civ. R. 53 governs magistrate's decisions. This Court has literally interpreted Civ. R. 53 in the past and has held that for a trial court's ruling on a magistrate's decision to be final, the court must independently enter judgment. Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 218-21 (holding that an order in which the court merely adopts or affirms a magistrate's decision is not final because a court must explicitly enter judgment independently of the magistrate). Apart from requiring a trial court to enter its own judgment on a magistrate's decision, Civ. R. 53 also requires a court to dispose of any timely filed objections. The rule provides that `[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections.' Civ. R. 53(D)(4)(d). When a trial court enters judgment on a magistrate's decision, but fails to explicitly rule on a party's objections, that judgment does not constitute a final, appealable order because it does not fully determine the action. See R.C. 2505.02; In re K.K., 9th Dist. No. 22352, 2005-Ohio-3112, at ¶ 11-14 (noting that court must explicitly dispose of any objections raised pursuant to Civ. R. 53)." In re Strickler, 9th Dist. Nos. 08CA009375, 08CA009393, 2008-Ohio-5813, at ¶ 8.
 {¶ 8} Because this case was heard under the jurisdiction of the juvenile court, the Rules of Juvenile Procedure were applicable in lieu of the Rules of Civil Procedure. The result, however, is the same. Juv. R. 40(D)(4)(d) mirrors the language of Civ. R. 53(D)(4)(d), and states in relevant part: "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections." Juv. R. 40(D)(4)(d). *Page 4 
 {¶ 9} In this case, because the juvenile court's judgment entry does not explicitly rule on Mother's objections, it does not fully determine the action. See R.C. 2505.02; In re K.K. at ¶ 11-14.
 "For a trial court's ruling on a magistrate's decision to be final and appealable, the trial court must enter judgment independently of the magistrate and must explicitly overrule or sustain any timely filed objections. See Civ. R. 53(D)(4). If a trial court's order fails to comply with either of these two requirements, then it is not a final, appealable order." In re Strickler at ¶ 10.
We reach the same conclusion through an application of Juv. R. 40(D)(4).
 {¶ 10} Because the juvenile court failed to explicitly state that Mother's objections were overruled or sustained, the order is not final and appealable. Accordingly, this Court lacks jurisdiction to consider the appeal.
 III. {¶ 11} The judgment entry of the Wayne County Court of Common Pleas, Juvenile Division, does not constitute a final, appealable order. Accordingly, the appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 5 
Costs taxed to Appellant.
 DICKINSON, P. J. WHITMORE, J. CONCUR *Page 1