[Cite as *In re R.R.*, 2015-Ohio-5245.]

STATE OF OHIO        )               IN THE COURT OF APPEALS
                          )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

IN RE: R.R.                        C.A. No.     27572

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DN14-03-0187

DECISION AND JOURNAL ENTRY

Dated: December 16, 2015

MOORE, Judge.

**{¶1}** Appellant, Leslie H. ("Father"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated his minor child dependent and placed him in the temporary custody of Summit County Children Services Board ("CSB"). This Court affirms in part and reverses in part.

I.

**{¶2}** Father is the natural father of R.R., born September 9, 2009. R.R.'s mother, who is not a party to this appeal, was the child's sole residential parent when this case began.

**{¶3}** On March 26, 2014, R.R. was removed from the custody of his mother because she had mental health problems which had led to her admission to a hospital psychiatric unit. R.R. was placed in the emergency temporary custody of CSB. The child was not placed with Father at that time because CSB suspected that he regularly abused alcohol.

{¶4} The matter proceeded to an adjudicatory hearing before a magistrate. Although CSB had alleged that R.R. was abused, neglected, and dependent, the magistrate found that CSB had proven only that the child was dependent and adjudicated him accordingly. The trial court adopted the magistrate's decision the same day, pending the filing of timely, written objections.

{¶5} Father and CSB filed timely objections to the magistrate's adjudicatory decision. CSB objected to the magistrate's failure to adjudicate R.R. abused and neglected, based on the evidence presented at the hearing. Father objected to the magistrate's finding that R.R. was dependent and to the magistrate's finding that CSB had made reasonable efforts to prevent the ongoing removal of R.R. from the home.

{¶6} Following the dispositional hearing, although CSB had attempted to demonstrate that Father had a serious drinking problem, the magistrate decided that R.R. should be placed in the temporary custody of Father under an order of protective supervision by CSB. That same day, June 30, 2014, the trial court adopted the magistrate's dispositional decision. For reasons not clear from the record, Father did not take physical custody of R.R. until July 8, 2014.

{¶7} The next day, however, CSB received information that Father had consumed so much alcohol on the day that R.R. was returned to his care that he had blacked out and had been unable to go to work that morning. CSB immediately filed objections to the magistrate's dispositional decision. Its objections explained its new concerns in detail and also pointed to evidence presented at the hearing to support its argument that R.R. should not be placed in Father's custody. Pursuant to Juv.R. 40(D)(4)(e)(i), CSB's timely objections automatically stayed the trial court's June 30 judgment that adopted the magistrate's decision to place R.R. in Father's temporary custody. R.R. was removed from Father's custody that day.

{¶8} After the court reporter filed transcripts of the adjudicatory and dispositional hearings, CSB supplemented its objections to the adjudicatory decision with citations to the transcript. A few days later, Father filed a brief to supplement his objections to the magistrate's adjudicatory decision and also raised, for the first time, objections to the magistrate's dispositional decision.

{¶9} On August 21, 2014, Father moved the trial court to place R.R. in his temporary custody under a Juv.R. 40 interim order and requested an expedited hearing on the matter. Six days later, CSB filed a motion for an evidentiary hearing on its objection to the magistrate's dispositional decision. The following day, the trial court set a hearing on Father's request for an interim order of temporary custody of R.R. pending the court's ruling on the outstanding objections.

{¶10} On September 25, 2014, the trial judge commenced a hearing on CSB's objections and Father's motion for return of R.R. to his home. Counsel for Father and CSB argued about whether the trial court should consider evidence about Father's behavior that had allegedly occurred after the dispositional hearing. Ultimately, the trial court allowed CSB to present the evidence about Father drinking heavily on the day that R.R. was placed in his temporary custody, that Father had passed out while the child was with him, that the only other adult in the home had not been approved by CSB to watch the child, and that R.R.'s childcare provider (Father's ex-wife) was unable to rouse Father when she came to pick up R.R. the next day. Father did not go to work that day but, after his ex-wife was able to make contact with him a few hours later, he allowed her to take the child to her home. Because the ex-wife was concerned about R.R.'s safety, she contacted CSB.

**{¶11}** Father testified on the second day of the hearing. He denied that he had gotten drunk or passed out while R.R. was in his home. He further explained that he did not go to work the next day because he had taken the day off but had forgotten to tell his ex-wife.

**{¶12}** Following the hearing and a review of the transcripts of the original hearings before the magistrate, the trial court sustained CSB's objection to the magistrate's dispositional decision and overruled the objections to the magistrate's adjudicatory decision. The trial court adjudicated R.R. as a dependent child and placed him in the temporary custody of CSB. Father appeals and raises three assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE APPELLATE COURT LACKS JURISDICTION TO CONSIDER THE APPEAL BECAUSE THE TRIAL COURT FAILED TO ISSUE A FINAL, APPEALABLE ORDER.

**{¶13}** Father's first assignment of error is that this Court lacks jurisdiction to hear his appeal because the trial court did not issue a final, appealable order. Specifically, he asserts that the trial court failed to rule on all of his objections to the magistrate's adjudicatory and dispositional decisions and, for that reason, the trial court's judgment is not final.

**{¶14}** To begin with, the trial court was required to rule only on objections that the parties "timely filed[.]" Juv.R. 40(D)(4)(d). Although Father filed timely objections to the magistrate's May 21 adjudicatory decision, he filed no timely objections to the magistrate's June 30 dispositional decision. *See In re L.P.*, 9th Dist. Summit No. 27792, 2015-Ohio-4164, ¶ 34 (emphasizing that timely objections to a magistrate's adjudicatory decision did not constitute objections to the magistrate's separate dispositional decision); Juv.R. 40(D)(4)(e) and Juv.R. 40(D)(5). Instead, when Father filed a brief to supplement his pending objections to the

adjudicatory decision, he attempted to raise objections to the magistrate's dispositional decision. Given that the term "supplement" means to make an addition to something that already exists, a party's authority to supplement objections after the transcript of the hearing is filed is necessarily limited to objections that a party has already filed with the trial court in a timely manner. *See, e.g.*, Juv.R. 40(D)(3)(b)(iii); Loc.R. 3.03(F) of the Court of Common Pleas of Summit County, Juvenile Division; *Merriam-Webster's Collegiate Dictionary* 1255 (11th Ed.2005). Because Father filed no timely objections to the dispositional decision, the trial court was not required to address them.

{¶15} Father did file timely objections to the magistrate's adjudicatory decision, some of which were not explicitly addressed by the trial court. Father does not argue the merits of his objections under this assigned error but argues only that the judgment is not final because the trial court did not explicitly rule on every objection. Father relies on case law that that followed this Court's reasoning in *In re Strickler,* 9th Dist. Lorain Nos. 08CA009375, 08CA009393, 2008-Ohio-5813, ¶ 8, which this Court overruled in *Miller v. Miller*, 9th Dist. Medina No. 10CA0034-M, 2011-Ohio-4299, ¶ 19. Pursuant to this Court's decision in *Miller*, "a trial court's failure to rule on objections to a magistrate's decision will not cause this Court to dismiss an appeal from the trial court's final judgment." *Id.* Because Father has failed to demonstrate that this Court lacks jurisdiction to hear his appeal, his first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY DENYING FATHER DUE PROCESS OF LAW BY FAILING TO NOTIFY HIM THAT IT WOULD BE CONDUCTING A HEARING ON OBJECTIONS OR ON ALLEGATIONS CONCERNING EVENTS THAT OCCURRED SUBSEQUENT TO THE DISPOSITIONAL HEARING.

{¶16} Father's second assignment of error is that the trial court denied him due process by considering new evidence when it ruled on the objections to the magistrate's decisions. He does not dispute that the trial court was authorized by Juv.R. 40(D)(4)(d) to hear additional evidence, nor does he challenge the substantive merits of the trial court's dispositional decision. Instead, he asserts that he was not given adequate notice that the trial court would take or consider new evidence in ruling on CSB's objections to the dispositional decision.

{¶17} R.R. was physically placed in Father's temporary custody on July 8, 2014. The next day, CSB received information that, while R.R. was in his home, Father had consumed so much alcohol that he had blacked out and was unable to go to work the next day. Consequently, CSB filed objections to the magistrate's dispositional decision, immediately giving Father notice that it wanted the trial court to consider new evidence when it ruled on its objections. The agency's brief in support of its objections detailed its concerns about Father drinking the first day that R.R. was placed in his care and also pointed to evidence about Father's drinking that had been presented at the dispositional hearing.

{¶18} On August 21, 2014, Father requested that the trial court issue an interim order under Juv.R. 40(D)(4)(e)(ii) to place R.R. in his temporary custody pending the court's ruling on the objections and that it hold an expedited hearing on the matter.[1] On August 27, 2014, CSB filed a motion for an evidentiary hearing on its objection to the magistrate's dispositional decision. Specifically, it requested that the court set an evidentiary hearing "so the agency can present testimony regarding additional concerns regarding father that have come to light since

---

[1] Because the trial court did not ultimately issue an interim order, this Court does not reach the issue of whether the trial court would have had authority to do so, given that it had issued its judgment adopting the magistrate's decision almost two months earlier, which had been automatically stayed by CSB's timely objections.

the [dispositional] hearing." The following day, the trial court set a hearing with respect to Father's request for an interim order of temporary custody of R.R.

{¶19} The trial judge commenced the hearing on September 25, 2014. Counsel for Father and CSB argued about whether the trial court should consider evidence about Father's behavior that allegedly occurred after the dispositional hearing. A lengthy discussion ensued about whether Father had been given adequate notice about this issue and whether CSB had properly raised the matter through its objections to the magistrate's dispositional decision. Ultimately, the trial judge allowed CSB to present its evidence, emphasizing that it was relevant to Father's request for immediate custody as well as CSB's objection to him receiving temporary custody.

{¶20} Any dispositional order in this case required the trial court to consider circumstances pertaining to the best interest of the child. *See* R.C. 2151.42(A). If the trial court had authority to entertain Father's motion for an interim order at that point, such an order would require a demonstration to the trial court that "immediate relief is justified." Juv.R. 40(D)(4)(e)(ii). Because the dispositional hearing had focused on whether Father could adequately care for R.R., despite CSB's concerns that he had a drinking problem, CSB's evidence that Father had been heavily drinking immediately after R.R. was placed in his home was relevant to whether he should have custody of his child at that time.

{¶21} Moreover, even if Father lacked adequate notice that the trial court would consider the new evidence, he raised no objection to the testimony at the hearing, nor did he request a continuance, which could have avoided any prejudice caused by a lack of notice. *See In re L.P.*, 9th Dist. Summit No. 27792, 2015-Ohio-4164, ¶ 25. The trial court held the remainder of the hearing on a second day, four days later, and Father presented his own

testimony about whether he had been drinking on the day that R.R. was placed in his care. Because Father has failed to demonstrate that he was denied due process during these proceedings, his second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

> THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN FAILING TO MAKE FINDINGS REGARDING WHETHER [CSB] MADE REASONABLE EFFORTS.

{¶22} Father's final assignment of error is that the trial court failed to comply with the requirements of R.C. 2151.419(A)(1) in its adjudicatory and dispositional decisions. The trial court continued R.R.'s removal from the home on an emergency basis when it adjudicated the child and placed him in the temporary custody of CSB after sustaining CSB's objections and entering its independent dispositional decision. Therefore, it was required to find that CSB had made reasonable reunification efforts and to explain the factual basis for those findings. Father asserts that the trial court committed reversible error by failing to make the requisite findings.

{¶23} First, we must emphasize that this assigned error is unrelated to the evidence supporting the trial court's adjudicatory and dispositional decisions. Instead, it pertains to a separate requirement during these proceedings that, if a child is properly removed from the home or remains outside the home, the agency must demonstrate that it is making reasonable efforts to facilitate the return of the child to his home or the custody of a relative. In other words, a deficiency in the reunification efforts of the agency does not undermine the substantive merits of the trial court's adjudication or disposition of the child. *See In re J.G.*, 9th Dist. Wayne No. 12CA0037, 2013-Ohio-417 (adjudication and disposition affirmed on the merits but reversed solely for the purpose of the trial court making reasonable efforts findings).

**{¶24}** This statutory requirement is imposed upon the agency and the trial court to ensure that the agency is properly working toward reunifying the child with his family. Because the trial court's adjudication and disposition order continued R.R.'s removal from his home, R.C. 2151.419(A)(1) required CSB to prove, and the trial court to explicitly find, that CSB had made "reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home." The trial court did not make such a finding in this case. Moreover, R.C. 2151.419(B)(1) also requires that "when making those required reasonable efforts findings, the court 'shall issue written findings of fact setting forth the reasons supporting its determination.' Specifically, it must 'briefly describe in [its] findings of fact the relevant services provided by the agency to the family of the child and why those services did not prevent the removal of the child from the child's home or enable the child to return safely home.'" *In re J.G.*, at ¶ 31, quoting R.C. 2151.419(B)(1).

**{¶25}** Although CSB argues that these findings were implicit in its judgment, this Court has previously rejected that argument. *In re J.G.* at ¶ 34-35. Based on the evidence before the trial court, its failure to articulate a finding of reasonable efforts, as well as its failure to set forth the factual basis for that finding as set forth in R.C. 2151.419(B)(1), constituted reversible error. *In re J.G.* at ¶ 34-36. Father's third assignment of error is sustained.

III.

**{¶26}** Father's first and second assignments of error are overruled and his third assignment of error is sustained. The judgment adjudicating R.R. as a dependent child and placing him in the temporary custody of CSB is affirmed in part and is reversed and remanded only insofar as the trial court failed to make the required reasonable efforts findings.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

MARK SWEENEY, Attorney at Law, for Appellee.

LINDA BENNETT, Guardian ad Litem.