[Cite as *Figetakis v. My Pillow, Inc.*, 2022-Ohio-1078.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MARK FIGETAKIS

    Appellant

    v.

MY PILLOW, INC. and
MIKE LINDELL (CEO)

    Appellees

C.A. No.    29843

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    18 CVI 00797

DECISION AND JOURNAL ENTRY

Dated: March 31, 2022

TEODOSIO, Judge.

{¶1}    Mark Figetakis appeals the decision of the Akron Municipal Court adopting the magistrate's decision. We affirm.

I.

{¶2}    This matter originates from Mr. Figetakis' purchase of two pillows under a "buy one get one free" promotion from My Pillow, Inc. The pillows arrived damaged, and although My Pillow, Inc. offered replacement pillows, Mr. Figetakis contends that he was entitled to have his money fully refunded. We have previously set forth the facts and history of this case in Mr. Figetakis' prior appeal:

> In January 2018, Mr. Figetakis filed a complaint in the Small Claims Division of the Akron Municipal Court naming two defendants: Mike Lindell C.E.O., and My Pillow, Inc. In his complaint, Mr. Figetakis sought $6,000 in damages for an alleged failure to honor a guarantee and alleged false advertisement.
>
> The matter proceeded to a hearing before a magistrate in April 2018. Mr. Figetakis appeared at the hearing without counsel. A representative of My Pillow, Inc.

appeared, without counsel, on behalf of the company, but Mike Lindell C.E.O. did not appear at the hearing. The parties presented testimony and submitted evidence during the hearing.

The magistrate issued a decision on June 4, 2018, with findings of fact and conclusions of law. The magistrate concluded that Mr. Figetakis entered into an agreement with My Pillow, Inc. "to purchase a pillow and both parties performed their duties under the agreement." The magistrate further concluded that My Pillow, Inc. honored its warranty when it sent Mr. Figetakis a replacement pillow and then offered to give him another replacement pillow. Finally, the magistrate concluded Mr. Figetakis was not entitled to a full refund for the pillows. Consequently, the magistrate recommended that the trial court enter judgment against Mr. Figetakis and in favor of the defendants.

Mr. Figetakis filed objections asserting that "[t]here are many errors of law and fact" in the magistrate's decision. On July 13, 2018, the trial court issued a "ruling on the objection," overruling Mr. Figetakis's objections and adopting the magistrate's decision. Thereafter, Mr. Figetakis moved the trial court to reconsider its decision. However, the trial court overruled his motion, stating that final orders are not subject to reconsideration, that a motion filed after final judgment is a nullity, and that the trial court's "July 1[3], 2018 [o]rder is a final judgment" entry.

Mr. Figetakis timely appealed the trial court's decision, presenting three assignments of error for our review.

*Figetakis v. My Pillow, Inc.*, 9th Dist. Summit No. 29136, 2020-Ohio-3949, ¶ 2-6. This Court dismissed the attempted appeal for lack of a final appealable order. *Id.* at ¶ 13.

{¶3} Upon remand, the trial court entered a nunc pro tunc entry ruling on objections to the magistrate's decision and granting judgment in favor of the defendants. Mr. Figetakis now appeals, raising four assignments of error.

II.

ASSIGNMENT OF ERROR ONE

{¶4} Mr. Figetakis' first assignment of error occupies two pages of his brief to this Court, setting forth facts of the case, procedural history, and the definitions of abuse of process and malicious prosecution. He does not identify any error made by the trial court in this matter.

{¶5} An appellant bears the burden of affirmatively demonstrating the error on appeal and substantiating his or her arguments in support. *Angle v. W. Res. Mut. Ins. Co.*, 9th Dist. Medina No. 2729–M, 1998 WL 646548, *2 (Sept. 16, 1998); *Frecska v. Frecska*, 9th Dist. Wayne No. 96CA0086, 1997 WL 625488, *2 (Oct. 1, 1997). *See also* App.R. 16(A)(7) and Loc.R. 7(B)(7). It is not the duty of this Court to develop an argument in support of an assignment of error if one exists. *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶6} Mr. Figetakis has failed to meet his burden on appeal with respect to his first assignment of error. The first assignment of error is therefore overruled.

ASSIGNMENT OF ERROR TWO

**"The trial court and Magistrates [sic] decisions dated July 13, 2018[,] and Magistrates [sic] June 4, 2018[,] decision errored [sic] by making a determination [sic] the 10 year warranty, prior to a decision on the published 60 day money back guarantee."**

{¶7} In his second assignment of error, Mr. Figetakis argues the trial court erred because it did not base its ruling on the applicable 60-day money back guarantee, but instead applied the 10-year warranty.

{¶8} Generally, "the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. However, "[i]n so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court is precluded

from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9} In its judgment entry, the trial court acknowledged that My Pillow, Inc.'s brochure provided for both a 60-day money-back guarantee and a 10-year limited warranty for their pillows. In adopting the magistrate's decision, the trial court noted that My Pillow, Inc. honored its warranty when it sent a replacement pillow to Mr. Figetakis. The trial court further determined that Mr. Figetakis was not entitled to a full refund because he did not return both pillows to My Pillow, Inc.

{¶10} Under this assignment of error, Mr. Figetakis contends that the trial court erred because it failed to make a determination regarding the 60-day money-back guarantee. Contrary to this contention, the trial court considered the 60-day guarantee, but determined that Mr. Figetakis was not entitled to a full refund. Although Mr. Figetakis may disagree with the trial court's conclusion, he has failed to meet his burden of demonstrating error by the trial court and substantiating his argument in support. *See Angle* at *2.

{¶11} Mr. Figetakis' second assignment of error is therefore overruled.

ASSIGNMENT OF ERROR THREE

**"Specifically, it is unclear whether the trial court has independently entered judgment on the Magistrate's decision because the order appealed only ruled on objections. When a case is heard by a Magistrate, the trial court must still enter its judgment on all claims before it. Matters initially heard by a Magistrate are not final until a judge separately enters his or her judgment setting forth the outcome of the dispute and the remedy provided."**

{¶12} In his third assignment of error Mr. Figetakis argues the trial court erred because it did not independently enter judgment. We do not agree.

{¶13} In order for a trial court's ruling on a magistrate's decision to be final and appealable, the trial court must independently enter judgment setting forth the outcome of the dispute, indicating the remedy provided, and fully determining the action. *Thompson v. Thompson*,

9th Dist. Medina No. 07CA0023-M, 2009-Ohio-179, ¶ 9-10.  In Mr. Figetakis' prior appeal to this court, we concluded the trial court did not independently act upon the magistrate's recommendation by entering judgment against Mr. Figetakis and in favor of defendants My Pillow, Inc. and Mike Lindell, C.E.O.  *Figetakis v. My Pillow, Inc.*, 9th Dist. Summit No. 29136, 2020-Ohio-3949, ¶ 11.  Upon remand, however, the trial court corrected its error and ordered "judgment is granted against Plaintiff and for Defendants with cost to be paid by Plaintiff.  The trial court has accordingly entered judgment independent of the magistrate's decision.

**{¶14}**  The third assignment of error is overruled.

ASSIGNMENT OF ERROR FOUR

**"For failure to answer and defend small claims case file 18CVI 00797[.]"**

**{¶15}**  In his fourth assignment of error, Mr. Figetakis argues the trial court erred by not granting default judgment against Mike Lindell pursuant to Civ.R. 55.  We do not agree.

**{¶16}**  A trial court's decision whether to grant default judgment is reviewed under an abuse of discretion standard.  *National City Bank v. Shuman*, 9th Dist. No. 21484, 2003-Ohio-6116, at ¶ 6.  An abuse of discretion is more than an error of judgment, but instead connotes "perversity of will, passion, prejudice, partiality, or moral delinquency."  *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).  Under this standard, an appellate court may not substitute its judgment for that of the trial court.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶17}**  This Court has previously determined that Civ.R. 55(A), providing for the entry of default judgment against a party, is by its nature inapplicable to small claims matters.  *Miller v. McStay*, 9th Dist. Summit No. 23369, 2007-Ohio-369, ¶ 13.  The filing of an answer is not required in a small claims matter.  *Burke v. Lagar Marketing, Inc.*, 9th Dist. Summit No. 29868, 2021-Ohio-4151, ¶ 8.

**{¶18}** Mr. Figetakis has failed to demonstrate an abuse of discretion by the trial court in not entering default judgment against Mike Lindell. The fourth assignment of error is overruled.

**Appellees' request for attorney fees.**

**{¶19}** Appellees' have requested an award of attorney fees under App.R. 23 as a sanction against Mr. Figetakis for the filing of a frivolous appeal.

**{¶20}** App.R. 23 provides: "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." An appeal is frivolous where it "presents no reasonable question for review." *Talbott v. Fountas*, 16 Ohio App.3d 226, 226 (10th Dist.1984). This Court has the discretion to determine whether sanctions are warranted. *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 322 (1995).

**{¶21}** We do not find this appeal was frivolous. Although Mr. Figetakis has not prevailed on this appeal, we conclude that he presented a reasonable question for our review.

III.

**{¶22}** Mr. Figetakis's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

MARK FIGETAKIS, pro se, Appellant.

RONALD D. HOLMAN, II and MICHAEL J. ZBIEGIEN, JR., Attorneys at Law, for Appellees.